**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

ONN RAPEIKA,

    *Plaintiff*,

v.

BOROUGH OF FORT LEE, et al.,

    *Defendants*.

Civil Action No. 19-6612

**OPINION**

**John Michael Vazquez, U.S.D.J.**

Plaintiff alleges that Fort Lee police officers improperly kept his personal property following an unconstitutional search of his apartment. Defendants are the Borough of Fort Lee ("Fort Lee"), Keith M. Bendul, Detective Timothy J. Cullen, Officer Bryan Drumgoole, Officer Richard Hernandez, Detective Corban Cory Horton, Detective Eddie Young, Detective Robert Tilton, Officer Gregory Boylan, and Sergeant Matthew Hintze. Currently pending before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 16. Plaintiff filed a brief in opposition to the motion, D.E. 19, to which Defendants replied, D.E. 21. The Court reviewed the submissions made in support and opposition to the motion and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).[1] For the reasons that follow, Defendants' motion is **GRANTED in part and DENIED in part**.

---

[1] Defendants' brief in support of their motion to dismiss, D.E. 16-4, will be referred to as "Defs. Br."; Plaintiff's memorandum in opposition, D.E. 19, will be referred to as "Plf. Opp."; and Defendants' reply brief, D.E. 21, will be referred to as "Defs. Reply".

I.      **FACTUAL BACKGROUND & PROCEDURAL HISTORY**[2]

As the parties are familiar with this matter, the Court does not provide a detailed factual recitation. Instead, the Court recounts key relevant facts here and discusses certain additional facts in the Analysis section below.

Plaintiff alleges that Fort Lee police officers Bendul, Cullen, Drumgoole, Hernandez, Horton, Young, Tilton, Boylan and Hintze (the "Individual Defendants") conspired to steal Plaintiff's personal property because they knew Plaintiff owned guns, traded Bitcoin and precious metals, owned expensive watches, and had cash and other valuable items in his apartment. Am. Compl. ¶¶ 41-43. To effectuate their conspiracy, Plaintiff contends that the Individual Defendants arranged for a confidential informant to purchase marijuana from Plaintiff and that certain Individual Defendants observed the informant purchase marijuana wax from Plaintiff twice. Based on these two transactions, the Individual Defendants obtained a search warrant for Plaintiff's apartment. *Id.* ¶¶ 44-57. Plaintiff denies that either sale took place, adding that there are no documents evidencing either transaction, and insinuates that the Individual Defendants fabricated both drug sales to further their conspiracy. *Id.* ¶¶ 50-51; 54-55.

The Individual Defendants searched Plaintiff's apartment on January 2, 2014, allegedly before they actually obtained a search warrant later that afternoon. *Id.* ¶¶ 63, 142, 144. Probable cause for the search warrant was based on the two marijuana sales. *Id.* ¶ 57. Plaintiff alleges that during the search, certain Individual Defendants seized a number of valuable items and money, and failed to properly inventory all the items seized. Moreover, Plaintiff alleges that Defendants have yet to return property that was seized during the search despite Plaintiff's demands. *Id.* ¶¶

---

[2] The facts are derived from Plaintiff's Amended Complaint ("Am. Compl."). D.E. 14. When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

62; 64-72; 93-102.

Plaintiff filed his initial Complaint on February 22, 2019. D.E. 1. Plaintiff asserted constitutional claims pursuant to 42 U.S.C. § 1983, state constitutional claims under the New Jersey Civil Rights Act ("NJCRA"), and three state-law based tort claims for negligence, conversion and conspiracy. Defendants responded with a motion to dismiss the Complaint. D.E. 3. The Court entered an Opinion and Order on January 3, 2020, granting in part and denying in part Defendants' motion. Specifically, the Court denied Defendants' motion as to (1) Plaintiff's § 1983 Fourteenth Amendment Due Process and related NJCRA[3] claims; (2) the § 1983 conspiracy claim; and (3) Plaintiff's tort claims against the Individual Defendants in their individual capacities. D.E. 10, 11. As for the dismissed claims and parties, the Court granted Plaintiff leave to file an amended complaint. *Id.*

Plaintiff filed the Amended Complaint on February 21, 2020. In the Amended Complaint, Plaintiff asserts the same claims as in initial Complaint but provides additional factual support for his improper search and seizure based § 1983 and NJCRA claims, *Monell*, and supervisory liability claims. Defendants filed the instant motion to dismiss certain claims of the Amended Complaint. Defendants seek to dismiss Plaintiff's improper search and seizure based claims; *Monell* and official capacity supervisory liability claim; and the NJCRA claim.[4] D.E. 16.

---

[3] Plaintiff believes that through the January 3 Opinion and Order, the Court dismissed his NJCRA claim in its entirety. *See* Plf. Opp. at 22. The January 3 Opinion explained that the Court considered the § 1983 and NJCRA claims together. Jan. 3 Opinion at 5. As a result and based on the arguments presented to the Court at the time, to the extent that certain theories of Plaintiff's § 1983 claims were dismissed, Plaintiff's NJCRA claim was also dismissed on those grounds, and to the extent that the Court determined that Plaintiff stated a claim as to other § 1983 theories, Plaintiff also stated a claim under the NJCRA.

[4] Defendants also seek to dismiss Plaintiff's claims against the Fort Lee Police Department ("FLPD"), in addition to the § 1985 conspiracy claims. Defs. Br. at 4-5. The Court previously dismissed the FLPD as a Defendant because it is not a proper party and the § 1985 claim because

## II. LEGAL STANDARD

For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

## III. ANALYSIS

### A. Section 1983

In Counts One through Three of the Amended Complaint, Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 against all Defendants. To state a § 1983 claim, a plaintiff must demonstrate that "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." [5] *Burt v. CFG Health Sys.*, No. 15-2279, 2015 WL

---

Plaintiff did not plead a discriminatory motive. Jan. 3 Opinion at 5 n.3, 16 n.7. Plaintiff again acknowledges that the FLPD is not a separate entity from Fort Lee and agrees that it can be dismissed as a party in this matter. Plf. Opp. at 1. Similarly, Plaintiff also states that the Court can dismiss his § 1985 claim. *Id.* Accordingly, Defendants' motion is granted on these grounds.

[5] Section 1983, in relevant part, provides as follows:

1646849, at *2 (D.N.J. Apr. 14, 2015).

### 1. *Monell* Liability

Defendants argue that Plaintiff still fails to state a *Monell* liability claim as to Fort Lee.[6] Defs. Br. at 6-10. A municipality cannot be held liable under a theory of *respondeat superior* for § 1983 claim. *Monell v. Dept. of Social Servs. of N.Y.C.*, 436 U.S. 658, 691 (1978). Instead, a municipality may be liable under § 1983 only "if the plaintiff identifies a municipal 'policy' or 'custom' that was the 'moving force' behind the injury." *Jewell v. Ridley Township*, 497 F. App'x 182, 185 (3d Cir. 2012) (quoting *Monell*, 436 U.S. at 694). A policy exists "when a decision-maker with final authority issues an official proclamation, policy, or edict." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (internal quotations and citations omitted). "[A] custom may be established by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Id.* (internal quotations and citations omitted).

A *Monell* claim may also be premised on a municipality's failure to train, supervise, and discipline. To plead such a failure-to claim, a plaintiff must demonstrate that a city's failure

---

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.

[6] In *Monell v. Dep't Soc. Servs. of N.Y.C.*, "the Supreme Court established that municipalities and other government entities were 'persons' subject to liability under 42 U.S.C. § 1983." *Noble v. City of Camden*, 112 F. Supp. 3d 208, 221 (D.N.J. 2015) (citing *Monell v. Dept. of Social Servs. of N.Y.C.*, 436 U.S. 658, 692 (1978)).

"reflects a deliberate or conscious choice." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798, 800 (3d Cir. 2019) (quoting *Brown v. Muhlenberg Township*, 269 F.3d 205, 215 (3d Cir. 2001)). For claims involving police officers, the alleged failure can only serve as a basis for § 1983 liability where it "amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* (quoting *City of Canton v. Harris*, 489 U.S. 378, 388 (1989)); *see also Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019) (explaining that *Monell* claim that is "predicated on a failure or inadequacy has the separate, but equally demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality"). Deliberate indifference is plausibly pled by showing that "(1) municipal policy makers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Roman*, 914 F.3d at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011) (internal brackets omitted)).

Plaintiff alleges that Fort Lee failed to enact, implement and enforce appropriate policies for conducting searches and the proper procedures for inventorying and returning seized property. Am. Compl. ¶¶ 107-122. The Amended Complaint also now alleges that the Individual Defendants ignored a policy regarding evidence handling and preservation. *Id.* ¶ 73-80. Finally, Plaintiff states that Fort Lee failed to train and supervise its police officers. *Id.* ¶¶ 107-122. Thus, Plaintiff's *Monell* claim is based on a failure-to-train/supervise theory. *See* Plf. Opp. at 16 ("The focus of the Complaint now turns on the failure to enforce policy, as well as the failure to enact and implement appropriate policies."). Accordingly, the Amended Complaint must include sufficient allegations that demonstrate deliberate indifference.

Generally, to plead deliberate indifference, a plaintiff must allege, among other things, that

there was a *history* of employees mishandling a particular situation. *See Roman*, 914 F.3d at 798. But Plaintiff does not allege that there was a history within the Fort Lee Police Department of failing to properly inventory property found at crime scenes or to return such property. Thus, Plaintiff fails to plausibly plead deliberate indifference on this theory.[7]

Plaintiff also argues that the single incident of wrongdoing alleged here is sufficient to state a *Monell* claim. Plf. Opp. at 17-20. The Supreme Court has left open the "rare" possibility, that "in a narrow range of circumstances, a pattern of similar violations might not be necessary to show deliberate indifference." *Connick v. Thompson*, 563 U.S. 51, 63-64 (2011). A single incident may be sufficient if the constitutional violation was an "obvious consequence" of the lack of training. *Id.* at 63. In the January 3, 2020 Opinion, the Court determined that outside of conclusory allegations, Plaintiff did not allege that the Individual Officer Defendants' failure to document, inventory, and return Plaintiff's property was caused by a lack of training. The Amended Complaint now asserts that the FLPD had an evidence handling and preservation policy in its manual and provides details as to the policy. Am. Compl. ¶¶ 73-76. Plaintiff adds that the policy was not followed in this case. *Id.* ¶ 77. But, critically, outside of conclusory allegations, Plaintiff still fails to sufficiently allege that the policy was not followed because of a lack of training. In fact, based on Plaintiff's theory that the misconduct was concocted by the Individual Defendants specifically to steal Plaintiff's personal property and money, Am. Compl. ¶ 19, it seems more plausible that the wrongdoing occurred *in spite of* the evidence handling and preservation policy

---

[7] Plaintiff counters that his *Monell* claim should not be dismissed because information about prior similar incidents is solely within Fort Lee's knowledge and possession. Plf. Opp. at 16-17. Plaintiff continues that it is plausible to infer a history of abuse because, in this instance, the Individual Defendants ignored the evidence handling policy. *Id.* In essence, Plaintiff argues that any failure to train or supervise claim is plausible so long as a plaintiff plausibly asserts a single incident as to the plaintiff. The Court disagrees, and does not read the Third Circuit's decision in *Roman* as expressly or implicitly endorsing this proposition.

and Defendants' training, not because of a lack thereof. Without sufficient allegations as to a lack of training, Plaintiff fails to plead a *Monell* claim based on the single incident alleged here. Accordingly, Defendants' motion is granted as to Plaintiff's *Monell* claim.

### 2. Section 1983 Supervisory Liability

Relatedly, Defendants maintain that Plaintiff's official capacity supervisory liability claims against Chief Bendul and Sergeant Hintze must also be dismissed. Defs. Br. at 6-10. Section 1983 liability may be asserted against policymakers "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, custom, or practice which directly caused the constitutional harm.'" *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Detention Ctr.*, 372 F.3d 572, 586 (quoting *Stoneking v. Bradford Area Sch. Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)); *see also Chavarriaga v. N.J. Dept. of Corrs.*, 806 F.3d 210, 227 (3d Cir. 2015) (explaining that to establish § 1983 supervisory liability a plaintiff must "identify the supervisor's specific acts or omissions demonstrating the supervisor's deliberate indifference to the inmate's risk of injury and must establish a link between the supervisor, the act, and the injury"). For the same reasons discussed as to *Monell* liability, Plaintiff also fails to sufficiently allege deliberate indifference as to Bendul and Hintze. Defendants' motion, therefore, is granted on these grounds and the official capacity claims asserted against Bendul and Hintze are dismissed.[8]

---

[8] Section 1983 liability against a supervisor may also exist if the supervisor was personally involved by either giving personal direction or having actual, contemporaneous knowledge of the wrongdoing and acquiescing to the violation. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Defendants do not argue that the claims against Bendul and Hintze should be dismissed because of their lack of personal involvement. Moreover, the Court previously determined that Plaintiff sufficiently alleges that Bendul and Hintze were personally involved in the alleged wrongdoing. Jan. 3 Opinion at 9-10. Consequently, Plaintiff's claims against Bendul and Hintze in their individual capacities remain viable.

8

### 3. Fourth Amendment Violations

In the January 3 Opinion, the Court granted Defendants' motion to dismiss the Fourth Amendment claim because it determined that Plaintiff failed to sufficiently allege that there was a lack of probable cause to issue the search warrant. Jan. 3 Opinion at 10-11. The Court also rejected Plaintiff's arguments as to purported defects in the warrant.[9] *Id.* at 11. In the Amended Complaint, Plaintiff adds new allegations to bolster his Fourth Amendment claims. Defendants still maintain that Plaintiff fails to adequately state a Fourth Amendment § 1983 claim. Defs. Br. at 10-11.

"The Fourth Amendment prohibits unreasonable searches and seizures." *United States v. Stabile*, 633 F.3d 219, 230 (3d Cir. 2011). A search and seizure is generally reasonable pursuant to the Fourth Amendment if it is "effectuated with a warrant based on probable cause." *United States v. Bey*, 911 F.3d 139, 144-45 (3d Cir. 2018). Probable cause for a search warrant exists if there is "a 'fair probability' of criminal activity, based upon the totality of circumstances." *United States v. Tutis*, 216 F. Supp. 3d 467, 477 (D.N.J. 2016) (quoting *United States v. Bond*, 581 F.3d 128, 139 (3d Cir. 2009)).

Typically, a reviewing court "must afford great deference to the probable cause finding of an issuing court," such that a probable cause finding should "be upheld so long as the supporting documents provided a substantial basis for the initial probable cause decision." *Id.* But when a warrant is allegedly based on incorrect information or falsehoods, the Third Circuit applies a two-part test to determine if the warrant actually lacked probable cause. This test requires the Court to determine: "(1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2)

---

[9] Without waiving any argument for appeal, Plaintiff "accepts the Court's findings that there was a legitimate warrant." Plf. Opp. at 20.

that such statements or omissions are material, or necessary, to the finding of probable cause." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997) (citing *Franks v. Delaware,* 438 U.S. 154, 171-72 (1978)).  As to the first prong, an assertion "is made with reckless disregard when 'viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.'" *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (quoting *United States v. Clapp*, 46 F.3d 795, 801 n.6 (8th Cir. 1995)).  The second prong requires a court to determine the materiality of the misstatements and omissions by "[excising] the offending inaccuracies and insert[ing] the facts recklessly omitted, and then determin[ing] whether or not the 'corrected' warrant affidavit would establish probable cause."  *Id.* at 789.

In the Amended Complaint, Plaintiff alleges that the Individual Defendants made up the two drug transactions as to way to obtain a search warrant, and that the warrant was issued because of the two fabricated sales.  Am. Compl. ¶¶ 56-58.  Because, as pled by Plaintiff, the two sales did not actually happen, Plaintiff sufficiently pleads that the assertions were made with a reckless disregard for the truth, at a minimum.  Plaintiff also sufficiently pleads that the two sales were material because probable cause was premised on these two sales.  In other words, without the sales, the Individual Defendants could not have obtained a search warrant.  As a result, Plaintiff sufficiently alleges that probable cause did not actually exist.  Thus, Plaintiff states a Fourth Amendment § 1983 claim on these grounds.

Plaintiff also pleads new facts in the Amended Complaint suggesting that items were seized from his apartment before the Individual Defendants obtained the search warrant.  "Warrantless searches and seizures inside someone's home . . . are presumptively unreasonable unless the occupants consent or probable cause and exigent circumstances exist to justify the intrusion."

10

*United States v. Coles*, 437 F.3d 361, 365-66 (3d Cir. 2006) (citing *Steagald v. United States*, 451 U.S. 204, 211 (1981); *Payton v. New York*, 445 U.S. 573, 586 (1980)). The state has the burden to demonstrate that an exception to the warrant requirement is present. *United States v. Mallory*, 765 F.3d 373, 383 (3d Cir. 2014). In this instance, Plaintiff contends that on January 2, 2014, Defendants obtained the warrant at 4:20 p.m., Am. Compl. ¶ 57, but that certain items that were allegedly seized by the Individual Defendants were entered into evidence "around noon" of the same day, *id.* ¶ 142. Defendants do not address this argument. Further, no allegations in the Amended Complaint suggest that Plaintiff consented to any search nor were exigent circumstances present on January 2, 2014. As a result, Plaintiff also states a Fourth Amendment claim based on the alleged warrantless search. Defendants' motion with respect to Plaintiff's Fourth Amendment § 1983 claim is denied.

### 4. Failure to Intervene

In Count Two of the Amended Complaint, Plaintiff asserts a § 1983 failure to intervene claim against all Defendants for their failure to stop other Defendants from improperly inventorying Plaintiff's property. Am. Compl. ¶¶ 223-33. The Court previously dismissed Plaintiff's failure to intervene claim because Plaintiff did not provide legal authority demonstrating that a failure to intervene claim can exist outside the context of an excessive force claim, which is not asserted in this matter. Jan. 3 Opinion at 12. Plaintiff states that he "accepts for purpose of this Motion," the Court's previous dismissal of his failure to intervene claim, Plf. Opp. at 1, and concedes that he included the failure to intervene claim in the Amended Complaint in error, *id.* at 4 n.4. Thus, the failure to intervene claim is again dismissed.

### B. The New Jersey Civil Rights Act ("NJCRA")

Defendants also seek to dismiss Plaintiff's NJCRA claim, arguing that Plaintiff's due process claim is not viable under the NJCRA. Defs. Br. at 12-13. Plaintiff agrees that procedural due process violations are not cognizable under the NJCRA but counters that his claim also encompasses substantive due process violations. Plf. Opp. at 27.

The NJCRA provides a private cause of action to

> [a]ny person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S.A. 10:6-2. The "NJCRA was modeled after § 1983, [and so] courts in New Jersey have consistently looked at claims under the NJCRA through the lens of § 1983 and have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart." [10] *Velez v. Fuentes*, No. 15-6939, 2016 WL 4107689, at *5 (D.N.J. July 29, 2016) (internal quotations and citation omitted). However, "Section 1983 provides remedies for the deprivation of both procedural and substantive rights while N.J.S.A. 10:6-2(c) provides remedies only for the violation of substantive rights." *Tumpson v. Farina*, 95 A.3d 210, 225 (N.J. 2014).

---

[10] Defendants do not argue that Plaintiff's analogous search and seizure claims under the NJCRA should be dismissed. Because the Amended Complaint states a § 1983 claim for two violations of the Fourth Amendment, Plaintiff's NJCRA claim also survives this motion to dismiss with respect to the alleged search and seizure misconduct. *See Williams v. Vanderud*, No. 16-1245, 2017 WL 4274265, at *12 (D.N.J. Sept. 26, 2017) (using the court's § 1983 analysis for several Fourth Amendment § 1983 claims to determine that the plaintiff's NJCRA claim should also be dismissed). But because Plaintiff still fails to assert an adequate *Monell* or official capacity supervisory liability claim, Plaintiff's related NJCRA claim is dismissed as to Fort Lee and the Supervisory Defendants.

Plaintiff previously framed his due process claim as a procedural due process violation based on the Individual Defendants' failure to properly inventory and return personal property that was seized during the search. *See* Jan. 3 Opinion at 12-13; D.E. 8 at 29. Now, Plaintiff argues that the Individual Defendants' conduct "shocks the conscience" such that he should be permitted to pursue a substantive due process claim. Plf. Opp. at 27-30. But Plaintiff's Amended Complaint does not reflect a substantive due process violation. And Plaintiff cannot now amend his complaint through a brief. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)). As a result, Plaintiff's NJCRA claim is dismissed to the extent it is premised on a due process violation for the failure to properly inventory and return Plaintiff's personal items.[11]

### C. PUNITIVE DAMAGES

Finally, Defendants contends that Plaintiff's claim for punitive damages must be dismissed as to Fort Lee because Plaintiff cannot recover punitive damages against a municipal entity. Defs. Br. at 13-14. In his opposition brief, Plaintiff concedes that he cannot recover punitive damages from Fort Lee or state officials acting in their official capacity. Plf. Opp. at 3. Accordingly, Plaintiff's punitive damages claims are dismissed as to Fort Lee and any state official acting in his

---

[11] Even if Plaintiff were to allege a substantive due process claim, it is not clear that Plaintiff has alleged a sufficient property interest that is protected by substantive due process rights. *See, e.g.*, *Wrench Transp. Sys., Inc. v. Bradley*, 340 F. App'x 812, 815-16 (3d Cir. 2009) (rejecting argument that the plaintiff's "personal property interest in his trucks is 'fundamental' for purposes of our Fourteenth Amendment substantive due process analysis"). Moreover, as the Supreme Court of New Jersey has described, "substantive due process is reserved for the most egregious governmental abuses against liberty or property rights, abuses that shock the conscience or otherwise offend . . . judicial notions of fairness . . . and that are offensive to human dignity. With the exception of certain intrusions on an individual's privacy and bodily integrity, the collective conscience of the courts is not normally shocked." *Rivkin v. Dover Twp. Rent Leveling Bd.*, 671 A.2d 567, 575 (N.J. 1996) (emphases added) (internal quotations, citations, and brackets omitted).

13

official capacity. *See Vandegrift v. Bowen*, No. 07-2623, 2009 WL 1913412, at *6 (D.N.J. June 30, 2009) (holding that punitive damages are not available against a municipality under the NJCRA); *Joyce v. City of Sea Isle City*, No. 04-5345, 2008 WL 906266, at *25 (D.N.J. Mar. 31, 2008) ("Municipalities are immune from punitive damages on § 1983 and § 1985 claims."); *Mantz v. Chain*, 239 F. Supp. 2d 486, 508 (D.N.J. 2002) (finding that the "TCA expressly bars recovery of punitive damages against public entities").

### IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, D.E. 16, is **GRANTED in part and DENIED in part**. With respect to the portions of the Complaint that are dismissed, the dismissal is without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint, which cures the deficiencies noted herein. If Plaintiff does not file an amended pleading, the dismissed claims will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: October 30, 2020

_____
John Michael Vazquez, U.S.D.J.